UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BLANCA GUERRERO, on behalf herself, individually,
and on of all others similarly-situated,

                                                     Plaintiff,        Case No.: 17-CV-4238
                                                                         (SJF)(GRB)

                       -against-

MIRACLE MILE AUTO WASH, LLC d/b/a
MANHASSET HAND WASH & DETAIL CENTER
and SCOTT "DOE",

                                                     Defendants.
------------------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT AND LIMITED RELEASE

       WHEREAS, Plaintiff BLANCA GUERRERO ("Guerrero" or "Plaintiff") and Defendant MIRACLE MILE AUTO WASH, LLC d/b/a MANHASSET HAND WASH & DETAIL CENTER ("Miracle Mile" or "Defendant") (Plaintiff and Defendant collectively, the "Parties"), desire to resolve, settle and agree to dismissal with prejudice of all claims and all issues raised in or by the Plaintiff's Complaint in the above action (the "Action") against Defendant, without further litigation or adjudication, and to preclude all further or additional claims which the Plaintiff has made or could make, arising up to and as of the date of the execution of the instant Agreement relating in any way to Plaintiff's claims alleged in the Action against the Defendant;

       WHEREAS, the Parties understand and agree that Defendant denies each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, and in any other document or statement whatsoever;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein, shall be construed or considered in any way to be an admission by Defendant of guilt or noncompliance with federal, state, or local statute, order, regulation or ordinance, public policy, tort (whether intentional, negligent or otherwise), contract (whether oral or written, express or implied), common law, Defendant's policies, practices or procedures or of any other wrongdoing whatsoever, whether with regard to Plaintiff or anyone else;

WHEREAS, the Action by Plaintiff shall be dismissed in its entirety with prejudice as against the Defendant by the Court subject to the terms of the Parties' stipulation;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1. **Additional Definitions.**

(a) "Releasors" shall be defined to include, but not be limited to, Plaintiff, on behalf of Guerrero and her past, present and future representatives, attorneys, agents, heirs, successors and assigns; and

(b) "Released Parties" shall be defined to include the Defendant and all presently or formerly affiliated persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, divisions, affiliated entities, employee benefit plans, purchasers of assets or stock, investors, insurers, joint ventures, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, owners, members, partners, directors, agents, employees, fiduciaries, representatives, the employees and representatives of any such entity, and any otherwise related persons and entities.

2. **Limited Release of Claims.**

Releasors knowingly and voluntarily release and forever discharge Released Parties of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which they may have against Released Parties as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, arising out of their claims for conversion, claims for fraud, claims for breach of fiduciary duty, and arising out of their wage and/or wage/hour claims, including, but not limited to, any alleged violation of: the Fair Labor Standards Act, 29 U.S.C. §§ 201 and 207 et seq. ("FLSA"); the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R & Regs. ("NYCCRR") tit. 12, § 142-2.4; NYLL § 195(3); NYLL § 195(1); any other federal, state, city or local wage-hour, wage-payment, or related laws, rules, regulations and/or guidelines, constitutions or ordinances; any claim for liquidated damages, interest, costs, fees, or other expenses, including attorneys' fees against Released Parties, based upon any conduct occurring up to and including the date of Plaintiffs' execution of this Agreement.

3. **Submission to Court for Approval and Purposes of Dismissing the Action with Prejudice.**

(a) The Parties intend for the Plaintiff to waive all claims she may have against the Defendant under the FLSA and New York Labor Law and, therefore, desire that this Agreement be approved by the United States District Court. Accordingly, the Parties agree to file a Joint Motion for Approval of the Settlement Agreement after full execution of this Agreement.

(b) Upon execution of this Agreement, the Parties agree to immediately execute the Stipulation and Order of Dismissal with Prejudice, in the form annexed hereto as **Exhibit A**, which will be filed with the Court along with the joint Motion for Approval of the Settlement Agreement.

(c) Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties Stipulation and Order of Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to paragraph "4" below.

4. **Consideration**. In exchange for the promises made herein by Plaintiff, including the release of claims as set forth herein, Defendant agrees to pay Plaintiff Guerrero and her counsel the total amount of Twenty-eight Thousand Dollars and No Cents ($28,000.00) (the "Settlement Payment") which shall be apportioned to Plaintiff and Plaintiff's counsel as set forth below. Such Settlement Amounts are in consideration for and in full satisfaction of all wage and/or wage/hour related claims Plaintiff may have against Defendant, known or unknown, asserted or unasserted, through the date of Plaintiff's complete execution of the Agreement. Payment of the Settlement Amount shall be made as follows:

(a) Defendants agree to provide Plaintiff Guerrero, through her counsel, with a check made payable to "Frank & Associates, P.C.," (Tax ID No. 11-3399541) in the amount of Nine Thousand Five Hundred and Ninety Dollars and Eighty Cents ($9,590.80), representing attorneys' fees and costs incurred in this matter, for which a Form 1099 will be issued to Frank & Associates, P.C.;

(b) Defendants agree to provide Plaintiff Guerrero, through her counsel, with a check made payable to "Blanca Guerrero," totaling the gross amount of Nine Thousand Two

Hundred and Four Dollars and Sixty Cents ($9,204.60), less all required deductions and withholdings based on the Form W-4 for Plaintiff Guerrero, representing alleged unpaid wages, for which Plaintiff Guerrero shall receive a Form W-2; and

(c) Defendants agree to provide Plaintiff Guerrero, through her counsel, with a check made payable to "Blanca Guerrero," totaling the gross amount of Nine Thousand Two Hundred and Four Dollars and Sixty Cents ($9,204.60), without withholding, representing alleged liquidated damages and interest, for which payment Plaintiff Guerrero shall receive a Form 1099. Plaintiff Guerrero agrees to indemnify Releasees (as defined below) and to hold them harmless for their share of taxes, penalties and interest, withholding or otherwise, as a consequence of the monies paid to her via Form 1099 pursuant to the Agreement.

(d) The Settlement Amount shall be paid within thirty (30) calendar days following the Court's So Ordering of the attached Stipulation and Order of Dismissal, provided Plaintiff provides Defendant's counsel with W-4 and W-9 Forms from Plaintiff and a W-9 Form from Frank & Associates, P.C.

(e) The payments shall be sent to Plaintiff's counsel, Frank & Associates, P.C., who shall be responsible for distribution of such payments.

5. **Bona Fide Dispute**. Plaintiffs represent, warrant and acknowledge that there are *bona fide* disputes between Plaintiff and the Defendant as to whether Plaintiff is entitled to receive unpaid wages as alleged, and that Plaintiff has not compromised her claims by entering into this Agreement. Plaintiff understands and acknowledges that Defendant has reached this Agreement with Plaintiff solely for the purposes of avoiding further litigation costs and expenses associated with Plaintiff's claim and does not, by entering into this Agreement, acknowledge any

liability to Plaintiff or anyone else. Since the Parties recognize that Court approval of this settlement will be sought and the Parties will request dismissal with prejudice of the Action by Plaintiff, Plaintiff will cooperate fully to obtain supervision, approval and dismissal with prejudice.

6. **No Other Complaints or Charges.** Plaintiff affirms that she has not filed or caused to be filed any other claim, grievance or arbitration against Defendant.

7. **Covenant not to Sue.** Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against Defendant concerning any matter released in this Agreement. If a court of competent jurisdiction determines that Plaintiff has breached this paragraph, Defendant will be entitled to seek recovery of its costs, including its reasonable attorneys' fees, relating to Defendant's enforcement of this Agreement and/or of such claims.

8. **Non-Disparagement.** Plaintiff agrees that she will not make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements of the Defendant or its current officers or directors or members, whether by electronic, written or oral means. The language of this Paragraph 8 shall not prohibit Plaintiff from making truthful statements about her experiences in litigating this case.

9. **Execution.** The terms of this Agreement are the product of mutual negotiation and compromise between the Parties. Plaintiff is represented by counsel of her choosing and certify that she is satisfied with the advice and services of her counsel, Frank & Associates, P.C. The meaning, effect and terms of this Settlement have been fully explained to Plaintiff by her counsel. Plaintiff hereby affirms that she fully understands that this Agreement settles, bars and waives any and all wage payment and/or wage/hour claims that she could possibly

have against Released Parties, including but not limited to claims under the Fair Labor Standards Act, the New York Labor Law or any other wage payment or wage/hour law.

    **10.**    **Non-Admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed, at any time or for any purpose, as an admission by Released Parties of any liability or unlawful conduct of any kind.

    **11.**    **Severability and Modification.** Should any provision of this Agreement or the attachments hereto be declared illegal or unenforceable by any court, administrative agency or other entity, and should such provision not be susceptible to interpretation or modification to be enforceable (which the Parties authorize said court, administrative agency or other entity to do), such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the limited release contained herein were further limited or held to be null and void, the Plaintiff shall execute additional or supplemental limited release agreements waiving any and all claims covered hereby. If Plaintiff refuses to execute additional or supplemental limited release agreements, Plaintiff shall return, upon demand by Defendant, all payments made hereunder.

    **12.**    **Entire Agreement.** This Agreement (which incorporates as covenants the representations and clauses in the introductory "Whereas" clause), and includes the terms of the Stipulation and Order of Dismissal attached hereto as Exhibit "A," which is expressly incorporated herein, represents the complete understanding between the Parties and shall be interpreted under New York law, without regard to its conflict or choice of law provisions, to effect a limited release by Plaintiff of all actual or potential claims, including but not limited to wage payment claims,

whether known or unknown, as set forth herein. No other promises or agreements shall be binding or shall modify this Agreement. This Agreement can be modified only by a written document, signed by the Parties or their legally designated representative, which recites the specific intent to modify this Agreement.

13. **Taxes and Withholding**. If, for any reason, it is determined by any federal, state or local taxing authority that any portion of the payment forth in paragraph 4 should have been subjected to further taxation or withholding, Plaintiff agrees that she shall assume all responsibility for the payment of any employee taxes, interest and penalties assessed in connection with the portion paid to Plaintiff individually or on her behalf, and that Plaintiff shall protect, indemnify and hold harmless the Defendant and Released Parties from any withholding or tax payment, interest and penalties paid by the Defendant thereon with respect to the payment of any such taxes, except for Defendant's portion of FICA and FUTA, if any.

14. **Capability to Waive Claims.** Plaintiff expressly represents that she is able to effect a knowing and voluntary waiver and limited release of claims, as contained herein, and to enter into this Agreement and Plaintiff is not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is competent to execute this Agreement and to waive all wage payment and/or wage/hour claims, she has or may have against Released Parties. Plaintiff certifies that she is not party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair Plaintiff's right to settle her claims in this case and to waive all wage/hour claims she may have against Released Parties.

15. **Voluntary agreement.** Plaintiff represents and agrees that:

(a) She is not suffering any impairment that would render Plaintiff incapable of

reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to Plaintiff by her attorneys Frank & Associates, P.C.;

(b) Plaintiff has signed this Agreement freely and voluntarily and without duress;

(c) No promises or representation of any kind or character, other than those contained in the Agreement, has been made by any of the Released Parties or anyone acting on their behalf to induce Plaintiff to enter into this Agreement; and

(d) Plaintiff was advised and hereby is advised to consider carefully the terms of this Agreement before executing it, that she did consult with her attorneys, Frank & Associates, P.C., prior to executing the Agreement, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

16. **Governing Law and Interpretation**. This Agreement and Limited Release shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. In any such action, the prevailing party shall be entitled to its reasonable attorney's fees and costs. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, the parties authorize the court to interpret or modify the clause(s) to be enforceable. If that cannot be done, then such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

17.  **Counterparts.** This Agreement may be signed in counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A fax or scan signature may serve as an original Agreement.

18.  **Headings.** The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION IN PARAGRAPH "4", PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HER ATTORNEYS, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASED PARTIES, AS SET FORTH HEREIN.

PLAINTIFF AFFIRMS THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

Dated: 6/13, 2018              By: _____
                                    BLANCA GUERRERO

                               MIRACLE MILE AUTO WASH, LLC
                               d/b/a MANHASSET HANDWASH AND
                               DETAIL CENTER

Dated: 6/26/, 2018             By: _____
                               Title: _____Owner_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

BLANCA GUERRERO, on behalf herself, individually,
and on of all others similarly-situated,

            Plaintiff,   Case No.: 17-CV-4238
                    (SJF)(GRB)

    -against-

MIRACLE MILE AUTO WASH, LLC d/b/a
MANHASSET HAND WASH & DETAIL CENTER
and SCOTT "DOE",

            Defendants.
------------------------------------------------------------------------ X

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY ORDERED that: that the Settlement Agreement and Limited Release in this matter having been reviewed by the Court and found to be fair and reasonable that (1) the Settlement Agreement and Limited Release, including the release of all wage and hour claims, should be and is approved; and (2) Plaintiffs' claims, which were the subject of a *bona fide* dispute, are hereby dismissed with prejudice.

| | |
|---|---|
| FRANK & ASSOCIATES, P.C. | JACKSON LEWIS P.C. |
| *ATTORNEYS FOR PLAINTIFFS* | *ATTORNEYS FOR DEFENDANTS* |
| 500 bi-County Boulevard – Suite 465 | 58 South Service Rd., Ste. 250 |
| Farmingdale, New York 11735 | Melville, New York 11747 |
| (631) 756-0400 | (631) 247-0404 |

By: _____    By: _____
   NEIL M. FRANK, ESQ.          JOHN J. PORTA, ESQ.
   MICHAEL BERGER, ESQ.        ADAM G. GUTTELL, ESQ.

Dated: 6/18/18             Dated: 6/28/18

SO ORDERED on this ___ day of _____, 2018

_____
United States District Judge

4818-7374-6281, v. 1